UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADRIAN D. WEBB,<br><br>          Defendant. | CR: 07-287<br><br>~~Criminal No. 07-514-M~~<br><br>FILED<br>NOV 0 6 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### DETENTION MEMORANDUM

The Defendant, Adrian D. Webb, has been charged by indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held on November 5, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the Government proffered that on October 23, 2007, at approximately 6:25 p.m., officers of the Metropolitan Police Department's Narcotics and Special

- 1 -

Investigation Division observed the Defendant getting off of his bicycle at Flagler Place and W Street, N.W., Washington, D.C. As the officers approached the Defendant, he got back on his bike, grabbed an object in his front waistband, and fled. Believing that he possessed a gun, the officers issued a lookout for the Defendant. The officers then observed the Defendant pull a silver and black handgun from his waistband and throw it on the ground. The officers located and secured the weapon, which was later determined to be a Beretta 9mm semi-automatic pistol. The pistol was operable and loaded.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100.

Here, the government seeks pretrial detention on the grounds that no condition or combination of conditions will reasonably assure the safety of the community. In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Unlawful possession of a firearm and ammunition by a convicted felon is a serious offense, especially when a loaded and operable firearm is discarded on a public street.

The second factor, the weight of the evidence, also favors detention. Metropolitan Police officers observed the Defendant remove the firearm from his waistband and throw it on the ground.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. According to the Pretrial Services Report and the Government's proffer, the Defendant is currently on parole following convictions for Robbery in 1994 and Carrying a Pistol Without a License in 1995. The Defendant's parole has been revoked twice: once for a 2001 conviction for Possession of a Firearm by a Convicted Felon and once due to positive tests for marijuana and cocaine. In light of this criminal history and noncompliance with the conditions of parole, the Court does not believe that the Defendant would be able to comply with any conditions of pretrial release than might be set in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Given that gun violence continues to plague the District of Columbia at near epidemic levels, the nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community. Therefore, the

- 4 -

government's motion for pretrial detention is granted.


Dated: November __6__, 2007                    ____/s/_____
                                               ALAN KAY
                                               UNITED STATES MAGISTRATE JUDGE