UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Cr. No. 07-287 (ESH) |
| : | |
| ADRIAN WEBB, : | |
| Defendant. : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. The defendant is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, in violation of 18 U.S.C. §922(g)(1).

2. Defendant has been previously convicted of the following offenses:

   a. unlawful possession of a firearm by a convicted felon in case number 01-404 the United States District Court of the District of Columbia, on January 13, 2003 for which he served a sentence of incarceration of sixty-three months, he is currently on supervised release that has been revoked once, and was last released from custody on November 14, 2006;

    b.  the felony offense of carrying a pistol without a license in case number 1995- FEL-000448 in ths Superior Court for the District of Columbia, on May 10, 1995, for which he served a term of fifteen months to 45 months, is currently on parole and has been revoked twice, and was last released on April 15, 2007.

    c.  the felony offense of robbery in case number 1994-FEL-00020 in the Superior Court of the District of Columbia, on June 17, 1994, for which he served a term of thirty months to ninety months, is currently on parole that has been revoked twice and was last released from custody on April 15, 2007;

 Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

 In addition, he presently is charged in Criminal Case 01-253 with the felony offense of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. Should he be convicted of that offense at the time of trial in the instant case, we will seek to impeach him with that conviction also.

**II.  Fed. R. Evid. 609(a)(1).**

 2.  "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect.  Fed. R. Evid. 609(a)(1).  Among others, defendant has been convicted once for unlawful possession with the intent to distribute cocaine and once for assault with intent to kill, each of which was punishable by more than one years' imprisonment.  He was released from custody on each of those offenses within the last ten years.  This Court should permit the use of that conviction to impeach the defendant because its probative value outweighs any prejudicial effect.  United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In <u>Lipscomb</u>, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." <u>Id.</u> at 1062. The charges in this case arise an investigation over the span of approximately two years into illegal narcotics activities conducted by the defendant and his associates. The investigation included Title III interceptions on a co-conspirators's cellular telephone and the government's evidence at trial will include recorded conversations of the defendant and others discussing narcotics related activities, and in some cases the theft of drugs from other drug dealers. The defendant and his co-conspirators often used coded language to avoid detection when discussing their drug related activities. Accordingly, should he choose to testify, the defendant's credibility concerning these conversations will be a central issue. The probative value of the convictions, therefore, is quite high. Moreover, his prior conviction, or possibly convictions if he is convicted in the pending case prior to trial, for narcotics trafficking offenses are especially probative in that they are deliberate, planned offenses which evidence a conscious a disrespect for the law, and consequently for the oath and judicial proceedings, over an extended period of time.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". <u>Id.</u>  Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics
> conviction carries more prejudice, it is also true that evidence of
> such conviction carries more probative value and is more
> necessary when the accused testified that he is not knowledgeable
> in drug transactions and his testimony on that point directly
> contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. The defendant's convictions

**III. Fed. R. Evid. 609(b).**

4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, defendant was released from custody on April 15, 2007 in his 1994 and 1995 convictions, and November 14, 2006 n his 2003 conviction. Thus, the convictions may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar No. 498-610


    By: _____/s/_____
    LOUIS RAMOS
    Assistant United States Attorney
    Bar No. 472-176
    555 4th Street, N.W., Room 4243
    Washington, DC 20530
    (202) 305-2195
    louis.ramos@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Cr. No.  07-287 (ESH) |
| | : | |
| **ADRIAN WEBB,** | : | |
| Defendant. | : | |

**ORDER**

Upon consideration of the government's motion to admit evidence of defendant's prior convictions pursuant to Federal Rule of Evidence 609, it is hereby

**ORDERED** that the motion is **GRANTED.**

_____
THE HONORABLE ELLEN S. HUVELLE
UNITED STATES DISTRICT JUDGE

DATE: