IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 07-287(JR) |
| v. ) | |
| ADRIAN WEBB ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Adrian Webb, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr Webb asks the Court to sentence him to a period of incarceration of 57 months. Such a sentence would be consistent with the advisory Guidelines and plea agreement, would be significantly longer than any he has served so far and would further all the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). A longer period of incarceration would further none of the purposes of sentencing beyond the infliction of additional punishment.

### BACKGROUND

On December 6, 2007 Mr. Webb was charged, in a two-count Superceding Indictment, with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Mr. Webb pled guilty on January 11, 2008 in accordance with a written plea agreement.

## DISCUSSION
## I. THE POST-BOOKER SENTENCING FRAMEWORK.

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 125 S. Ct. 738, 767 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged.

>Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:
>
>No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

>[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.
>
>Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of

Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II. UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. WEBB SHOULD RECEIVE A SENTENCE OF 57 MONTHS.

### A. Statutory Provisions

With respect to Count One, pursuant to the applicable statute, the maximum term of imprisonment is ten years for this Class C Felony. 18 U.S.C. §924(a)(2). As for Count Two, the maximum term of imprisonment is 20 years for this Class C Felony. 21U.S.C. §§ 841(a)(1) and

(b)(1)(C).

      B.      Advisory Sentencing Guidelines

      (I).      *Applicable Guideline Range*

The Probation Office, consulting the 2007 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 23 and that Mr. Webb's criminal history category is V, resulting in an advisory Guideline range of 84-105 months.

Mr. Webb submits that the appropriate Guideline range is 57-71 months and vehemently opposes the Probation Office's application of U.S.S.G. § 2K2.1(b)(6).[1]  The government filed two indictments in this case and, notably, neither indictment charged Mr. Webb with using or carrying a firearm during or in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c).  In an effort to resolve and dispose of this case, the parties formulated and agreed upon a Statement of Offense that does not allege that the twenty dollars' worth of loose crack cocaine sold to an undercover officer had any connection whatsoever to the firearm in this case.  There is no indication that Mr. Webb possessed the gun while making the undercover sale or that the gun was possessed in furtherance of that transaction.

---

[1] Section 2K2.1(b)(6) of the Sentencing Guidelines provides, in relevant part, that "[i]f the defendant (charged with possession of a firearm) used or possessed any firearm or ammunition in connection with another felony offense...increase by 4 levels." The D.C. Circuit has held that "preponderance of the evidence" is the appropriate standard to justify a sentencing enhancement. See In re Sealed Case, 246 F.3d 696, 698 (2001); United States v. Bapack, 129 F.3d 1320, 1324 (D.C. Cir. 1997).

<u>C. Other Factors</u>

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

The crime to which Mr. Webb pled guilty is a serious one. While Mr. Webb referred in his videotaped statement to the violent situation in his neighborhood, Ledroit Park, he knew full well that possessing a firearm–for whatever reason–was not only a crime but a violation of his terms of supervision. Mr. Webb has possessed firearms previously. There is no indication, however, that he has ever used these weapons in the commission of a violent act.

*II. Characteristics of the Defendant*

As set forth in the Presentence Investigation Report (hereinafter "PSR"), Mr. Webb has

spent a large portion of his adult life incarcerated. He became involved with the criminal justice system at a young age and had to withdraw from school in the seventh grade as a result of his involvement. In light of that early incarceration, it has been difficult for Mr. Webb in the years since to reintegrate successfully into society. Mr. Webb did obtain his GED while in prison and did managed to obtain various jobs following his release, but clearly his incarceration has, to date, not served a sufficiently rehabilitative purpose. While Mr. Webb clearly needs to be punished for the crime he committed, his history demonstrates that prolonged incarceration is not, in itself, the answer.

Mr. Webb is about to become a father. His fiancee is scheduled to give birth to a child–Mr. Webb's first–in July and Mr. Webb very much wishes to become involved in his son's life. He may lack a formal education, but Mr. Webb knows that he does not want his child to follow in his footsteps. He would like to be present in his son's life as soon as possible.

Mr. Webb is determined to make use of the incarceration he is facing to acquire new skills and prepare himself for fatherhood. A sentence of 57 months would be longer than any he has served to date; a longer term of imprisonment would further no purpose other than punishment.

### III. Needs of the Community and Public

For the reasons stated in Section II, a sentence of incarceration longer than 57 months is simply not necessary to protect the community and public. Mr. Webb does not have a violent history and now, unlike in the past, he has a family to consider.

## CONCLUSION

      For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Webb asks the Court to sentence him to a period of incarceration of 57 months. Such a sentence would not only be consistent with the advisory Guidelines but would be in line with the resolution envisioned by the parties in the final plea agreement.

                Respectfully submitted,

                A.J. Kramer
                Federal Public Defender

                /s/

                _____
                Lara G. Quint
                Assistant Federal Public Defender
                625 Indiana Avenue, N.W.
                Washington, D.C. 20004
                (202) 208-7500 ex.126