IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | |
| : | CRIMINAL NO.: 07-00287 (JR) |
| : | |
| ADRIAN WEBB, : | VIOLATIONS: 21 U.S.C. §§ 841(a)(1), |
| : | 841(b)(1)(C); 18 U.S.C. |
| Defendant. : | § 922(g)(1) |
| : | |
| _____ : | NEXT DATE:  May 15, 2008 |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to a term of imprisonment at the low end of the applicable range recommended by the United States Sentencing Commission, Guidelines Manual (Nov. 2007) ("USSG" or "Guidelines").  In support thereof, the United States respectfully states the following:

### Background

1.   A summary of the defendant's actions pertaining to this plea agreement, consistent with the written proffer of evidence accepted by the defendant and filed with the Court on January 11, 2008, is set forth in the "Offense Conduct" section of the Presentence Investigation Report submitted in connection with this case.  See Presentence Investigation Report, prepared February 25, 2008 (the "PSR"), at 4.  The government incorporates herein the statements regarding the defendant's conduct that are set forth in the proffer and the PSR at paragraphs seven through nine.

**Statutory Penalties**

2. Pursuant to Title 18 of the United States Code, Section 924(a)(2), the defendant faces a maximum term of imprisonment of 10 years in connection with his conviction for violation of Title 18 of the United States Code, Section 922(g).  Pursuant to Title 21 of the United States Code, Sections 841(a)(1) and (b)(1)(C), the defendant faces a maximum term of imprisonment of 20 years.  See PSR ¶ 48.

**Sentencing Guidelines**

3. The United States Sentencing Guidelines calculation embodied in the PSR places the defendant's base offense level at 30.  See PSR ¶ 54, 55.

4. The PSR includes a four-point "specific offense characteristic" increase based on the theory that the defendant possessed a firearm "in connection with another felony offense."  See PSR ¶ 16.  The government, however, does not recommend such an increase.  As a result, the defendant's total offense level as calculated in the PSR should be adjusted downward by four points.  Compare PSR ¶ 23.

5. The PSR also correctly affords the defendant a total three-point reduction in his Guidelines calculation for acceptance of responsibility.  See PSR ¶ 22.  That total three-point reduction was based on a two-point reduction for acceptance of responsibility pursuant to USSG § 3E1.1.(a), plus a one-point reduction in anticipation that the government would file a motion acknowledging the defendant's assistance and timely notification of his intent to enter a plea of guilty.  See PSR ¶ 22.  The government hereby acknowledges, pursuant to USSG § 3E1.1.(b), the defendant's assistance and timely notification, permitting the additional one-level decrease in the defendant's offense level as calculated in the PSR.  As a result, the defendant's total offense level is adjusted to 19.  Compare PSR ¶ 23.  The PSR calculates the defendant's criminal history

score as twelve and the criminal history category as V.  See PSR ¶ 31.  Accordingly, based on a total offense level of 19 and a criminal history category of V, the applicable Guidelines range for the defendant is 57 to 71 months of imprisonment.  See PSR ¶ 49.

## Sentencing Recommendation

6.     The government recommends that the Court sentence the defendant to a period of incarceration of 60 months, at the low end of the Guidelines range.  The government further recommends that the Court impose a three-year period of supervised release.  In addition to the mandatory conditions of supervision, the government recommends that the defendant be ordered to (a) participate in, and successfully complete, a substance abuse treatment program as deemed appropriate by the probation office; and (b) participate in, and successfully complete, a vocational education/job skills program.

7.     When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18 of the United States Code, Section 3553(a).  See Gall v. United States, __ U.S. __ , 128 S. Ct. 586, 596 (2007) ("Gall").  These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4), (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

8.     In United States v. Booker, 125 S. Ct. 738 (2005) ("Booker"), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth

Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated Section 3553(b)(1) of Title 18 of the United States Code, the statutory provision that made the Guidelines mandatory. See Gall, 128 S. Ct. at 594; Booker, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See Gall, 128 S. Ct. at 596 (emphasizing that "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See United States v. Rita, __ U.S. __, 127 S.Ct. 2456, 2463-65 (2007). See also United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (stating that the Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (noting that the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

9.     The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement -- in a fair

and uniform way -- the offense-specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall. 128 S. Ct. at 596.

10. In this case, a sentence of 60 months, within but at the low end of the Guidelines range, is consistent with the government's agreement in the written plea agreement filed with this court and is appropriate as it reflects consideration of the serious and dangerous criminal conduct in which the defendant engaged, the defendant's criminal history, the defendant's long-term drug addiction that likely contributed to his criminal activity, and the defendant's early acknowledgment of guilt and acceptance of responsibility.

### Conclusion

WHEREFORE, based upon the above, and the information reflected in the Presentence Investigation Report, the United States respectfully recommends a sentence at the low end of the Guidelines range.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____/s/_____
RENATA KENDRICK COOPER
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar Number 424248
United States Attorney's Office
555 Fourth Street, N.W., Room 4241
Washington, D.C. 20530
Phone: (202) 307-0031
renata.cooper@usdoj.gov